UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 04-37-P-S |
| ) | |
| ERIC BOILARD, ) | |
| ) | |
| Supervised Releasee ) | |

## ORDER

This matter came before me this date for a preliminary hearing pursuant to Fed. R. Crim. P. 32.1(a)(1). The supervised releasee appeared with counsel, waived his right to a preliminary hearing and consented to the entry of a finding of probable cause to hold him for a revocation hearing. Accordingly, I **_FIND_** probable cause to hold the supervised releasee for a revocation hearing.

A release hearing was held at Boilard's request for the purpose of determining whether he is eligible for release pending the revocation hearing. *See* Fed. R. Crim. P. 32.1(a)(6). The standards governing release in these circumstances are those prescribed in 18 U.S.C. § 3143(a). *Id*. Thus, Boilard is entitled to be released if he establishes, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to 18 U.S.C. § 3142(b) or (c).

Boilard was originally placed on supervised release on February 23, 2004 following his release from a term of imprisonment imposed in April 2003 upon his conviction in this court for bank fraud. That term of supervised release was revoked on September 7, 2004 after Boilard tested positive for cocaine and was found to have violated other conditions of release. He was sentenced to

1

serve an additional six months. His present term of supervised release commenced January 13, 2005. There is probable cause to believe, based on the allegations contained in the revocation petition, that Boilard has a serious, continuing drug habit. On July 31, 2007 he admitted to using cocaine, opiates and other controlled substances for which he had no prescription. Moreover, since his most recent release from prison he has failed on four occasions to report for drug testing as directed. He has also moved without informing his supervising probation officer and recently has been unreachable by his probation officer for approximately two weeks. I infer from those failures, viewed in the full context of Boilard's illegal drug use during the two periods of his supervised release, that the reason he failed to appear and to communicate as required with the Probation Office was because he knew he would test positive for controlled substances.[1] Boilard's unlawful use of controlled substances helps to maintain a market that fosters a continuation of illegal drug supply and use which remain a scourge on the community.

On this record, and given the nature of the offending conduct underlying the petition for revocation, I can only conclude that Boilard has failed to establish by clear and convincing evidence that he is not likely to pose a danger to the safety of the community if released pursuant to 18 U.S.C. § 3142(b) or (c). Accordingly, I do not address the risk-of-flight issue.

The supervised releasee is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The supervised releasee shall be afforded a reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of an attorney for the government, the person in

---

[1] Boilard testified in his own behalf at the release hearing. I find that part of his testimony denying a failure to communicate not credible.

charge of the corrections facility shall deliver the supervised releasee to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

    Dated this 8th day of August, 2007.

                                                 <u>/s/ David M. Cohen</u>
                                                 David M. Cohen
                                                 United States Magistrate Judge